Mr. Justice Walker delivered the opinion of the Court. The condition of the bond executed by the defendant was, that their principal should appear to and answer the plaintiff’s demand, and pay and satisfy such judgment as should be rendered therein. The plaintiff averred that judgment was rendered against such principal and assigned for breach that it had not been paid either by the principal or the defendants, his securities. These averments, he contends, are sufficient to entitle him to recover; whilst, on the other hand, the defendants insist that the averments are not sufficient to fix upon them as securities a legal obligation to pay such judgment, but that, in order to do this, plaintiff should not only have averred that judgment was recovered but also that execution had issued on such judgment and been returned nulla bona. Upon reference to the authorities cited to sustain this position we apprehend they will be found to be decisions made in cases where suits have been brought on bail bonds, the conditions of which are very different in this respect from that in the case under consideration. In suits on bail bonds it is necessary to aver that execution issued, because one of the conditions is, that the principal will surrender himself in execution or that his securities will do so. It therefore devolves upon the plaintiff to show that he has placed it in the power of the defendants, whether they are principal or secui'ities, to perform this condition, by averring that execution had issued, for until this was done, it would be as absurd to charge them with a breach of covenant for this, as it would be to assign as a breach that they had failed to pay a judgment without avei’ring that such judgment had been rendered. Such however are not the terms of the condition in this case. The condition is simply for the payment oí the judgment. Defendants’ liability to pay commenced from the rendition of the judgment and was not' at all dependant upon the issuance of process. If the condition had been to surrender the defendant in execution, the obligation on the part of defendants to do so would have commenced upon the issuance of the process, for until there was an execution they could no more surrender their principal in execution than they could pay a judgment before it had been rendered. Whilst therefore the statutory bond in suit is in many respects like that of a bail bond it is quite evident that the reasons for requiring the pleader to aver that process issued in such case, have no application here. The undertaking and liability of the security to pay the bond is not as defendants’ counsel seems to suppose, dependant in any respect upon the solvency or insolvency of their principal. The obligation to pay is the same upon both and exist simultaneously with the rendition of the judgment, which instantly becomes a debt which both principal and security are bound to pay. Having determined this point it follows that there is no such defect in the declaration as is contended for by defendants; and that the circuit court did not err in sustaining the demurrer to the first plea. The second and third pleas have been abandoned in argument by the counsel. They are so palpably defective that it would be a useless consumption of time to argue their defects. The judgment of the circuit court is in all things affirmed.